**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Tel. (973) 267-0220
Joseph R. Zapata, Jr., Esq.
jzapata@msklaw.net
*Attorneys for Steven P. Kartzman, as*
*Chapter 7 Trustee/Plaintiff*

| | |
|---|---|
| In re: <br><br> **EMPIRE RECYCLING, INC.**, <br><br> Debtor. | **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br><br> Case No. 15-11860 (RG) <br><br> Chapter 7 <br><br> Honorable Rosemary Gambardella |
| **STEVEN P. KARTZMAN** <br> **as Chapter 7 Trustee**, <br><br> Plaintiff, <br><br> v. <br><br> **ASBURY PARK PRESS,** <br><br> Defendant. | Adv. Pro. No. |

**ADVERSARY COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS OF PROPERTY PURSUANT TO 11 U.S.C. §§ 502, 544, 547, 548, AND 550**

Steven P. Kartzman, the Chapter 7 Trustee (the "Trustee") for the estate of Empire Recycling, Inc. (the "Debtor"), by and through the Trustee's counsel, Mellinger, Sanders & Kartzman, LLC, complains of defendant Asbury Park Press and alleges as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

3. The venue is proper in this core proceeding pursuant to 28 U.S.C. § 1409.

4. This matter is brought pursuant to the equitable powers of the Court pursuant to 11 U.S.C. §§ 105(a), 502, 544, 547, 548, 550 and Bankruptcy Rule 7001, *et seq.*

## PARTIES

5. Upon information and belief, Defendant Asbury Park Press ("Asbury Park" or "Defendant"), is a pre-petition vendor that provided goods, services and/or materials to the Debtor.

6. Plaintiff is the court-appointed Chapter 7 Trustee with a principal place of business at 101 Gibraltar Drive, Suite 2F, Morris Plains, New Jersey.

## PROCEDURAL BACKGROUND

7. On February 3, 2015, (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code"). On August 30, 2016, the case was converted to a case under Chapter 7 of the Bankruptcy Code.

8. On September 1, 2016, Plaintiff was appointed to serve as the Chapter 7 Trustee with the duty, pursuant to 11 U.S.C. § 704 to, among other things, collect and reduce to money the property of the estate.

## BACKGROUND INFORMATION

9. Pre-petition, the Debtor's business consisted of providing full service recycling services.

10. The Debtor's books and records disclose that on one or more dates within the 90 day period preceding the Petition Date, the Debtor transferred the sum of $25,001.20 to the Defendant (collectively, the "Pre-Petition Transfers").[1] A schedule of the Pre-Petition Transfers is annexed hereto as Exhibit A, and incorporated herein.

11. The Debtor was insolvent on a balance sheet basis, and/or an ability to pay basis, and/or because the Debtor was engaged in a business for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction at all relevant times preceding the Petition Date.

12. Plaintiff reserves the right to supplement and amend the allegations of this Complaint including, without limitation, the monetary amounts being sought by including all transfers to the Defendant within the 90 day period preceding the Petition Date.

## FIRST COUNT
## 11 U.S.C. § 547(b)

13. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

14. Each of the Pre-Petition Transfers were drawn on the Debtor's bank accounts and/or paid as reflected on Schedule A. As such, each of the Pre-Petition Transfers involved an interest of the Debtor in property.

---

[1] If any of the Pre-Petition Transfers are discovered to have been honored after the Petition Date, then for purposes of this Complaint they are the "Post-Petition Transfers."

15. The Pre-Petition Transfers were made to or for the benefit of a creditor on account of antecedent debts, as the Pre-Petition Transfers were made on account of open invoices owing by the Debtor to the Defendant.

16. Pursuant to the presumption of insolvency under 11 U.S.C. § 547(f), the Debtor was insolvent on the date that each of the Pre-Petition Transfers were made.

17. Alternatively, the Debtor was insolvent on the date that each of the Pre-Petition Transfers were made as the sum of the Debtor's liabilities at all times during the Preference Period exceeded the amount of the Debtor's assets. Additionally, during the Preference Period the Debtor was not paying its debts as they became due in the ordinary course of the Debtor's business.

18. Each of the Pre-Petition Transfers were made within the 90 day period preceding the Petition Date as the Petition was filed on February 3, 2015, and the Pre-Petition Transfers cleared between November 5, 2014 and the Petition Date. See Exhibit A hereto.

19. The dividend to unsecured creditors in the Debtor's bankruptcy case will be less than 100%, based upon: (i) the existence of unpaid administrative expenses; (ii) that according to the Claims Register, before objections, general unsecured claims, priority claims and administrative claims have been asserted in the amount of $269,052.79; and (iii) the extent of funds on-hand.

20. The Pre-Petition Transfers enabled the Defendant to receive more than it would receive under Chapter 7 of the Bankruptcy Code if the Pre-Petition Transfers had not been made and the Defendant received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

21. Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee may recover the Pre-Petition Transfers from the Defendant for the benefit of the estate.

WHEREFORE, Plaintiff Steven P. Kartzman demands judgment against the Defendant as follows:

    (a)    Determining that the Pre-Petition Transfers are preferences and avoidable pursuant to 11 U.S.C. § 547;

    (b)    ordering that the Pre-Petition Transfers are hereby avoided;

    (c)    directing that the Defendant surrender and deliver a sum equal to the amount of the Pre-Petition Transfers;

    (d)    for costs of suit;

    (e)    for pre and post judgment interest; and

    (f)    for such other relief as the Court may deem just and equitable.

## SECOND COUNT
## 11 U.S.C. § 548

22. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

23. The Pre-Petition Transfers were made with actual intent to hinder, delay, or defraud creditors of the Debtors.

24. The Pre-Petition Transfers were made without the Debtor receiving a reasonably equivalent value in exchange, and the remaining assets of the Debtor were unreasonably small in relation to the Debtor's business, and/or the Debtor should reasonably have believed that the Debtor would incur debts beyond its ability to pay as they became due.

25. The Debtor made the Pre-Petition Transfers without receiving a reasonably equivalent value in exchange and the Debtor was insolvent or became insolvent at the time of the Pre-Petition Transfers.

26. Alternatively, the Pre-Petition Transfers were made to an insider on account of an antecedent debt, the Debtor was insolvent at the time and the Defendant had reasonable cause to believe that the Debtor was insolvent.

27. Alternatively, the Debtor received less than a reasonably equivalent value in exchange for the Pre-Petition Transfers and was insolvent or became insolvent at the time of the Pre-Petition Transfers.

28. Plaintiff, as Chapter 7 Trustee may avoid transfers of the Debtor's property that are voidable pursuant to state law.

29. Upon information and belief, the Debtor made the Pre-Petition Transfers (i) with actual intent to hinder, delay or defraud the other creditors of the Debtor; or (ii) received less than reasonably equivalent value in exchange for such Pre-Petition Transfers and was insolvent on the date such Pre-Petition Transfers were made, and/or was engaged in a business or transaction, or was about to engage in a business or transaction for which any property remaining with the Debtor was an unreasonably small capital, and/or intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts that would be beyond it ability to pay as such debts matured.

30. As a result of the Debtor's aforesaid actions, the Pre-Petition Transfers were fraudulent pursuant to Section 548(a)(1) of the Bankruptcy Code.

31. Pursuant to Section 550 of the Bankruptcy Code, the Trustee may recover the Pre-Petition Transfers from the Defendant for the benefit of the estate.

WHEREFORE, Plaintiff Steven P. Kartzman demands judgment against Defendant as follows:

 (a) Determining that the Pre-Petition Transfers were fraudulent and avoidable pursuant to 11 U.S.C. § 548;

 (b) ordering that the Pre-Petition Transfers are hereby avoided;

 (c) directing that Defendant surrender and deliver a sum equal to the amount of the Pre-Petition Transfers to the Trustee forthwith;

 (d) for costs of suit;

 (e) for pre and post judgment interest; and

 (f) for such other relief as the Court may deem just and equitable.

## THIRD COUNT
## 11 U.S.C. § 544(b)

32. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

33. Plaintiff represents the interest of creditors of the Debtor's estate whose claims arose both before and after the Pre-Petition Transfers were made.

34. As a result of the Debtor's aforesaid actions, the Pre-Petition Transfers were fraudulent pursuant to N.J.S.A. § 25:2-25(a) and/or (b).

35. Pursuant to Section 544(b) of the Bankruptcy Code, the Trustee may avoid the Pre-Petition Transfers.

36. Pursuant to Section 550 of the Bankruptcy Code, the Trustee may recover the Pre-Petition Transfers from the Defendant for the benefit of the estate.

WHEREFORE, Plaintiff Steven P. Kartzman demands judgment against Defendant as follows:

 (a) Determining that the Pre-Petition Transfers were fraudulent pursuant to N.J.S.A. § 25:2-25(a) and/or (b);

 (b) determining that the Pre-Petition Transfers are avoidable pursuant to 11 U.S.C. § 544;

 (c) ordering that the aforesaid fraudulent Pre-Petition Transfers are hereby avoided;

 (d) directing that Defendant surrender and deliver a sum equal to the amount of the Pre-Petition Transfers to the Plaintiff forthwith;

 (e) for costs of suit;

 (f) for pre and post judgment interest; and

 (g) for such other relief as the Court may deem just and equitable.

## FOURTH COUNT
## 11 U.S.C. § 544(b)

37. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

38. The Debtor did not receive reasonably equivalent value in exchange for the Pre-Petition Transfers.

39. The Debtor was insolvent at the time that it made the Pre-Petition Transfers or became insolvent as a result of the Pre-Petition Transfers.

40. As a result of Debtor's aforesaid actions, the Pre-Petition Transfers were fraudulent pursuant to N.J.S.A. § 25:2-27(a).

41. Pursuant to Section 544 of the Bankruptcy Code, Plaintiff may avoid the Pre-Petition Transfers.

42. Pursuant to Section 550 of the Bankruptcy Code, the Trustee may recover from Defendant the Pre-Petition Transfers for the benefit of the estate.

WHEREFORE, Plaintiff Steven P. Kartzman demands judgment against Defendant as follows:

(a) Determining that the Pre-Petition Transfers were fraudulent pursuant to N.J.S.A. § 25:2-27(a);

(b) determining that the Pre-Petition Transfers are avoidable pursuant to 11 U.S.C. § 544;

(c) ordering that the aforesaid fraudulent Pre-Petition Transfers are hereby avoided;

(d) directing that Defendant surrender and deliver a sum equal to the amount of the Pre-Petition Transfers to the Plaintiff forthwith;

(e) for costs of suit;

(f) for pre and post judgment interest; and

(g) for such other relief as the Court may deem just and equitable.

## FIFTH COUNT
## 11 U.S.C. § 550

43. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

44. Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under 11 U.S.C. §§ 544, 547, 548 or 549, the Trustee may recover the property transferred or the value of such property.

45. The Defendant was either the initial, mediate or immediate transferee of the Pre-Petition Transfers.

46. Either the transfers at issue or the value of the transfers may be recovered by Plaintiff, as Trustee.

WHEREFORE, Plaintiff Steven P. Kartzman demands judgment against the Defendant, as follows:

    (a) Voiding the transfer of the sums described;

    (b) for the sums described;

    (c) for pre and post judgment interest, attorneys' fees and costs of suit; and

    (d) for such other relief as the Court may deem just and equitable.

### SIXTH COUNT
### 11 U.S.C. 502(d)

47. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

48. The Defendant was either the initial, mediate or immediate transferee of the Pre-Petition Transfers.

49. Pursuant to 11 U.S.C. § 502(d), any claim of the Defendant against the Debtor must be disallowed until such time as the Defendant pays to Plaintiff an amount equal to the aggregate amount of all the avoided Pre-Petition Transfers, plus interest thereon and costs.

WHEREFORE, the Plaintiff respectfully requests that this Court grant judgment as follows:

    (a) Pursuant to 11 U.S.C. § 502(d), disallowing any proof of claim of the Defendant asserted in the Debtor's main bankruptcy case; and

    (b) for such other relief as the Court may deem just and equitable.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff may have against the Defendant, on any and all grounds, as allowed under the law or in equity.

Plaintiff further reserves the right to supplement and amend the allegations of this Complaint including, without limitation, the monetary amounts being sought including all transfers to the Defendant within the four-year period preceding the Petition Date.

                Respectfully submitted,

                **MELLINGER, SANDERS & KARTZMAN, LLC**
                *Attorneys for Plaintiff, Steven P. Kartzman*
                *as Chapter 7 Trustee*

                By:   /s/ Joseph R. Zapata, Jr.
                      JOSEPH R. ZAPATA, JR., ESQ.

Dated: February 28, 2018